May it please the Court, my name is Spencer Smith and I'll be arguing on behalf of Appellant Stacey Moody. At this time I'd like to reserve three minutes for rebuttal if necessary. This case is a classic case... Your name is what? I'm sorry? Your name is what? Spencer Smith, I apologize. No, that's all right. This case is a classic... That's not the name we have on our... McCoy's name is listed as the person who's arguing, that's why we're asking. You're not Mr. McCoy, he was listed as arguing. Mr. McCoy is here today. I see, this is Mr. McCoy. Yes. Okay. That's the real McCoy. Okay. This case is a classic case of sexual harassment. The plaintiff brought claims for a hostile work environment, gender discrimination and retaliation. All of those claims were summarily adjudicated on summary judgment. The appellant began working as a deputy sheriff in 2001. She was one of a few minority of female deputy sheriffs. Beginning in 2003, a co-worker began to sexually harass her and call her at her home at least 25 times a day. When the appellant told her supervisor about the conduct, her supervisor joked that she was pregnant with her co-worker's baby. Over the next several years, the plaintiff would be subject to this type of harassment. The sexual explicit conduct that is in the record does not need to be repeated here in open court today. In fact, her co-workers confirmed that they talked about sex acts in front of the appellant. I'll point you to excerpts of record 11 and 8 through 11, excuse me. In fact, when Ms. Moody began to work in internal affairs, her supervisor began to sexually harass her, forcibly kiss her, forcibly hug her, ask her out on dates. Again, I'd point you to excerpt of record 17, excuse me, 15 through 18. Ms. Moody rebuffed her supervisor's sexual advances. Her supervisor, Lieutenant Rodriguez, who was in charge of internal affairs, stated that he heard Ms. Moody's co-workers talking about how they'd like to have sex with Ms. Moody, talking about Ms. Moody performing oral sex. He took no action against these employees. In fact, these employees were allowed to, with immunity, discuss sex acts in front of Deputy Moody. It's undisputed that her co-workers discussed sex in front of her. Before the district court, the county argued that this sexual banter was welcomed by Ms. Moody, and therefore it was okay. Ms. Moody, of course, disputed that. This all culminated with Ms. Moody being physically assaulted by one of Lieutenant Rodriguez's subordinates, Deputy Lawrence Gaines. There's no need for me to go through the facts of the assault, but Ms. Moody was attacked by this gentleman who was over 200 pounds, over 6'5", in front of other male deputies who did not step in to help, who did not interject, who did nothing, and stood by and watched the assault happen. As a result of the assault, Ms. Moody was required to have surgery, she was injured, she was bruised, she was bleeding. After the assault occurred, Ms. Moody saw Lieutenant Rodriguez, who was coming over because he heard about a fight happening. When she saw Lieutenant Rodriguez, he told her, she told Lieutenant Rodriguez, I've just been assaulted by another deputy, and his response was, tough day at the nail salon. If you need a tissue, I have some on my desk, and he walked off. Now, based on these egregious facts, the district court dismissed the case, and although the review here is de novo, I think it's important that we look at the evidentiary rulings of the district court to see how that could happen. The district court dismissed Ms. Moody's hostile work environment claim based on the fact that it limited Ms. Moody's hostile work environment. claim to the allegations that were stated in her complaint. Specifically, the court did not allow Ms. Moody to proceed on summary judgment, or substantively on summary judgment, related to the issues of her supervisors, Sergeant Brown and Lieutenant Rodriguez. That evidentiary ruling was contrary to controlling authority. Here in the Federal Rules of Civil Procedure, Rule 8 provides for a notice pleading standard. In Apache Survival, the Ninth Circuit, the site is 21F3rd 895, pinpoint site 910, 1994 case, stated that if new facts are presented at summary judgment, it should be construed as a request to amend the pleading. Furthermore, and more importantly, this, the Supreme Court, and I'm not going to try to butcher this name, Your Honors, I'll spell it for you, it's S-W-I-E-R-K-I-E-W-I-C-Z, site 534 U.S. 506, 2002, states, the Supreme Court of the United States stated, the Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive on the outcome. Sotomayor Well, all of this is true. That is, the pleadings don't have to set forth everything that you eventually want to prove. But I thought the problem here was that some of the claims were not, were not described in, that you later wanted to amend, were not described in the interrogatories either. And the purpose of discovery is to bring out all the facts that, that, that relate to the claim. So it's just not true. Murphy I want to make a distinction, Your Honor, that it wasn't a claim, it was the facts. The claim, yes. Sotomayor But that is the purpose of discovery. Murphy Right. And our response was, again, one of the issues here is prejudice to the defendant. The defendant has not articulated prejudice. And the reason being is that Ms. Moody had her deposition taken on two occasions, on October 20, 2008, on January 20, 2009. And we provided in the excerpts of record at 180 through 183, her deposition testimony. Well, she articulates these events. And the district court ---- Alito The problem is that you knew all of these events prior to filing the complaint. I mean, it's not a situation in which you're discovering new evidence on the basis of discovery. This discovery was in the, was in the possession of you and your client. I think that's what concerns the district court. One of the things that we need to touch on here is the reality of the situation. And when we look at a hostile work environment claim, we have to look at the totality of the circumstances. One of the things that when Ms. Moody filed this lawsuit, the internal affairs investigation was still proceeding against Deputy Gates. She was still employed there. Ms. Moody, to make claims against her superiors and still apply for promotions, was something that she didn't want to do. Now, whether it was going to be through an amendment later on, one of the things that happens with these cases is that the clients go to the EEOC or the DFVH and they tell them we're limited to one year from the date. These events happened in 2003 with Wilder and Brown, and 2007 and continuing on into 2008 with Lieutenant Rodriguez. And so the plaintiff does not know the continuing violation doctrine, which is recognized here in the Ninth Circuit. And so it may not have been communicated to counsel until the deposition in October or January. The Court did not go into whether or not the plaintiff's counsel knew or should have known about the facts. The concern was that it was not articulated in the plea. Right. I mean, there may well have been good strategic reasons for her own welfare that she didn't want to make the claims, but you can hardly fault the district court then for saying, well, you didn't make the claims and, therefore, I'm not going to rule on it based on what I see in the deposition. The concern I have is that if we allow the district court to say you didn't make the claims when she did testify to it in her deposition. Right. I understand. Okay. But, I mean, the district court is focusing on what you have alleged and the relief you sought, and if you haven't sought certain relief for strategic reasons, the district court doesn't have a crystal ball on that. Again, it's not the relief that was sought was a hostile work environment claim, which was based on the totality of the circumstances. And I was giving an example. I don't know if that was the case in terms of strategic strategy or not. I was giving an example of why that would not be put in the pleading. And to require a plaintiff to plead a harassment claim with specificity is contrary to law. And that is the, and I can give you the site of 534 U.S. 506, pinpoint site 511. Again, the case I could not pronounce. The Supreme Court rejected the position that heightened pleading standards are required in Title VII cases. And so the rule articulated by the court would require a plaintiff every time they testify or they have a thought that this may constitute harassment, some off-collar comment. We're talking about a four-year period of time, five-year period of time. We'd require the plaintiff to sit down and say, tell us everything that happened, and we'll include it in the complaint or we'll amend it. There could be hundreds and hundreds of incidents. And we're looking for something that constitutes something that's severe or pervasive. But let's take it on beyond that. When you get an interrogatory that asks you all these instances, then you are on obligation to disclose it, wouldn't you agree? If you get an interrogatory that asks that information. Correct. And here you have interrogatory answers that are not complete. But then we still have other discovery mechanisms where the plaintiff testified at her deposition. I understand that. Which would make those complete, and the interrogatory should have been amended to reflect the deposition testimony. Again, to put that type of onus on the plaintiff to amend the complaint every time. I'm sorry? Well, I thought that you just said that you didn't, it wasn't in the interrogatory. Correct. But it was testified to in deposition. And again. What is the timeframe there? That I don't know. I think the problem here is, I'm not arguing with pleading standards, but the fact is the question for us, and it's a serious question we struggle with, is whether the district judge abused her discretion in not allowing you to amend to include these other materials. And when you get an interrogatory that you don't answer, then it goes into the zone where the district court is permitted to say maybe this is too late to add this information. Tell me why that's not so. I think if we get into the abuse of discretion standard, the standard of review here is de novo on summary judgment. Not on a motion we have to amend. Again, whether we need to leave to amend or not would go, again, back to the plea. And so based on this Court's ruling in Apache survival, which I cited earlier, if there's new facts submitted at summary judgment, the Ninth Circuit has found to construe that as a request to amend the pleadings. And again, we have to look at on the other side of the equation, and I'll move on to the discrimination claim, is that Ms. Moody said she alleged that she was passed over for a position in 2008 for the narcotics task force. The defendants, for the first time in the reply brief, presented two declarations of individuals that were not identified in their initial disclosures, were never identified in any discovery. And the way the district court handled that evidence was contrary to the way the district court handled the plaintiff's evidence. The district court decided that the plaintiff who presented evidence for the first time on summary judgment, she would strike the district court struck that evidence from the record. However, when the defendants submitted a declaration from someone who was not even identified in initial disclosures, we had a 30b-6 deposition where one of the categories of information was why was the plaintiff passed over for this position. This person was not identified, nor the reasons which were articulated for choosing the male over the plaintiff were not articulated in the 30b-6 deposition. At that point in time, the Court allowed the evidence to come in from the defendant, but not the plaintiff. At the summary judgment stage, the evidence should be construed in the light most favorable to the plaintiff. We're here to allow the plaintiff, if there are any genuine issues of material fact, to allow a jury, the fact finder, to decide whether or not the plaintiff has a claim for hostile work environment, discrimination, or retaliation. And as the Court stated in Holtz v. Rockefeller, 258F3-62, 10.75, the question of whether a work environment is sufficiently hostile to violate Title VII is a question of fact. You have about a minute left. I'm just going to use all my time now, Your Honor. We would ask that the Court either remand the case to the district court with instructions to consider the new evidence from both parties. The defendants have not articulated any prejudice they knew about. The claims well before the summary judgment motion, they were not surprised. It's not something that the plaintiff never disclosed to the defendants. We'd ask that it be remanded back to the district court with instructions to either consider both of the evidence the same way or have a trial for the appellant. If there's no further questions, I'll submit. Thank you. May it please the Court. This is a fairly straightforward matter. It involved physical altercation between two deputies. It was not a case involving sexual harassment or discrimination. The trial court bent over backwards to permit the plaintiff, who never disclosed this so-called additional alleged conduct, as the district court described it in the complaint, in the Rule 26 disclosures, in answers to interrogatories, in joint case management conference statements. First time it's raised is on the opposition to the motion for summary judgment roughly six months after discovery had closed. The court was... Well, the information was provided in the deposition, though, in fairness, right? In fairness... Yes. I mean, it wasn't as though there was a new declaration that came in after discovery had closed, correct? That's correct. And the declarations that the county submitted in its reply were directly related to the new matters which were raised in the opposition to the motion for summary judgment. That was our first knowledge that this was really and genuinely an issue that the... When you say that's your first knowledge, why wouldn't you add knowledge? She testified in her deposition. She testified briefly in her deposition, Your Honor, but as the court knows, a lot of testimony comes out at depositions that are not necessarily raised as issues once you get to trial. In other words, the scope of admissibility in a deposition is a lot broader than that of trial. And here, as the district court noted, the allegations concerning the co-worker Wilder supposedly happened back in 2003. They were never reported by the plaintiff, never reported to anyone other than what she says to another supervisor. The first time that the sheriff is hearing of this is briefly in her deposition. The district court correctly noted that those prior events were long barred by the statute of limitations and really couldn't even be considered in any event as corroborative of anything. The fact is that the trial court bent over backwards to give the plaintiff the additional opportunity to come up with declarations in opposition to the declarations from the sheriff's personnel who explained the bona fide reasons for others getting the promotions, and her only surreply was her own declaration, which the district court characterized as self-serving. If this was so obvious to plaintiff and to everyone else, we would have expected to see any additional evidence, but there was none. The fact is this was a fairly straightforward matter. If there had been a valid case, plaintiff, who certainly possessed all the facts long before she filed her complaint in this matter, would have properly presented them either in the complaint, the Rule 26, answers to interrogatories, the joint case management conference statements, numerous opportunities, and clearly was not proceeding on those until sort of a last-ditch Hail Mary attempt on the opposition to motion for summary judgment. She presented, again, her own statements, but no other evidence to support it. The trial court correctly concluded that we were only two months from trial. It was, in fact, prejudicial when we had gotten all that far along. And then, even with the extra surrebuttal, she had no additional viable evidence to corroborate any of her claims. So we believe that the trial court clearly acted within appropriate discretion, and we would ask that the court affirm the judgment. And if there are no additional questions, I'm happy to submit. Okay. Don't appear to be any. Are there any further questions of the appellant? No. Thank you. Thank you. The matter just argued is. I thought you said you would submit it. It's okay. Did you wish to add something very briefly? Just on the issue of the surreply. We didn't have the opportunity to cross-examine Lieutenant Allen Karnsa, who presented his declaration for the first time after the disclosure of discovery. The defendant had the opportunity to cross-examine the plaintiff. And we'll submit. Thank you. The matter just argued is submitted for decision. That concludes the Court's calendar for this morning, and the Court stands adjourned. All rise.
judges: Schroeder, Thomas, Gould